

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2009

# Irorere v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Irorere v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-1288 & 07-2309
_____

PERCY O. IRORERE,
                                                    Petitioner
                              vs.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A75-880-700)
Immigration Judge: Walter Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

Opinion filed:  May 1, 2009
_____

OPINION
_____

PER CURIAM.

Percy O. Irorere, a native and citizen of Nigeria, seeks review of final

orders issued by the Board of Immigration Appeals ("BIA").  For the reasons that follow,

we will grant the petitions for review.

1

On July 10, 1998, Irorere adjusted his immigration status to lawful permanent resident on a conditional basis under section 216 of the Immigration and Nationality Act ("INA") based upon his marriage to a United States citizen. Under section 216, legal status is granted for two years, but within ninety days before that period expires, the alien and his spouse must apply for the removal of conditional status on a Form I-751 and present evidence of a bona fide marriage. See 8 C.F.R. § 216.4. Alternatively, if an alien or his spouse is unable to file a joint application, the alien may seek a waiver. INA § 216(c)(4) [8 U.S.C. § 1186a(c)(4)]. Irorere failed to apply for removal of the conditions or to seek a waiver, so his conditional resident status expired as of July 11, 2000. The government instituted removal proceedings in July 2006.

After a hearing, the Immigration Judge ("IJ") found Irorere to be removable. Irorere, then represented by counsel, requested a continuance so that he could pursue a Form I-130 immediate relative visa petition[1] to once again adjust his status as a lawful permanent resident. The IJ found that Irorere was prima facie eligible to adjust his status but also found that he did not have an approved I-130 visa petition and had not arranged for one to be filed in advance of the hearing. Moreover, the IJ did not believe that the Department of Homeland Security would expedite any such petition because

---

[1] Irorere remains married to the same United States citizen who filed the previous I-130 petition on his behalf.

2

Irorere had been convicted of a crime.[2]  Combined with factors including Irorere's failure to take any corrective action for more than six years, the IJ denied Irorere's request for a continuance.

The BIA dismissed Irorere's pro se appeal.  In addition to the above findings, the BIA noted the IJ's finding at the hearing that Irorere, through counsel, stated that the sole reason he had not timely filed an I-751 petition to remove the conditions on residence was that he was unaware of the requirement to do so; the IJ found the explanation did not constitute good cause or extenuating circumstances under INA § 216(d)(2)(B) to excuse the failure to timely file the I-751.  The BIA also noted that while Irorere had presented "a litany of events" to the BIA to explain his failure to timely file, these arguments were not raised below and could not be considered by the BIA in the first instance.  The BIA found no error in the IJ's denial of Irorere's request for a continuance and found no merit to Irorere's claim that he was prevented from presenting evidence to the IJ.  The BIA then denied Irorere's post-decision motion, construed either as a motion to reopen or as a motion for reconsideration.  Irorere filed pro se petitions for review of both decisions.

The government has filed a motion to dismiss the petitions for review, asserting that under 8 U.S.C. §§ 1252(a)(2)(B)(ii), we lack jurisdiction to review discretionary decisions by the agency.  The government states that this matter involves the

_____

[2]  In his brief to the BIA, Irorere states that he was convicted of fraud.

agency's discretionary denial of Irorere's request to file an I-751 beyond the typical ninety-day filing period. The government appears to refer to the IJ's finding at the hearing that Irorere presented no good cause or extenuating circumstances under INA § 216(d)(2)(B) to excuse the failure to timely file the I-751. However, to the extent that the agency decisions were based upon the IJ's denial of Irorere's motion for a continuance to pursue a Form I-130 petition, we have jurisdiction over the petition for review, and we review the denial of a continuance for an abuse of discretion. See Khan v. Attorney General, 448 F.3d 226, 233 (3d Cir. 2006). Moreover, as the government concedes, we have jurisdiction to review questions of law or constitutional issues raised in Irorere's petition for review. See 8 U.S.C. § 1252(a)(2)(D).

Several of Irorere's issues warrant only brief discussion. First, Irorere argues that the agency erred in requiring him to file a new Form I-130 immediate relative petition, given that he already has an approved I-130 petition. Irorere refers to the I-130 form prepared in 1997 upon which his immigration status was adjusted in 1998. However, Irorere's conditional resident status expired and was terminated in 2001, effective July 2000. There is no evidence in the record that he had a current approved I-130 petition at the time of the IJ hearing.[3] Next, Irorere contends that the IJ erroneously

_____

[3] It appears from Irorere's argument that he believes that his previously-approved I-130 remains viable today, notwithstanding the conditional nature of his adjustment of status and the eventual expiration of that status. Because the IJ found no good cause or extenuating circumstances to excuse the failure to timely file a Form I-751, and because Irorere had not applied for a waiver, Irorere's path under that scenario would

4

made his criminal conviction–a non-deportable offense–a "key part of the deportation." Petr.'s Brief at 19. We disagree, as it is plain that the IJ found Irorere to be removable as charged because his lawful resident status had terminated as a matter of law, not because of his conviction. Also, Irorere argues that the IJ erred in combining a bond hearing with his removal hearing in contravention of 8 C.F.R. § 3.19(d) (now 8 C.F.R. § 1003.19(d)). The BIA noted in its decision that bond and removal proceedings are separate and apart. BIA Jan. 19, 2007 Decision at 3. Upon review of the hearing transcript, although the IJ observed that Irorere may not be eligible for bond, it does not appear that the IJ conducted a bond hearing or entered any determination with respect to Irorere's custody status or bond. We discern no error on these issues.

We now address Irorere's due process argument. Irorere claims that the IJ prevented him a meaningful opportunity to show good cause and extenuating circumstances for failing to timely file an I-751. The BIA found no merit to Irorere's argument. Noting that the IJ did not allow Irorere to read from a lengthy prepared statement, the BIA stated that the IJ invited Irorere to tell his story in his own words after his counsel had finished presenting his case. Thus, the BIA concluded that Irorere had the opportunity to present whatever information he wanted before the IJ entered his decision.

---

be to once again pursue an I-130 petition to adjust his status back to lawful permanent resident. Indeed, Irorere's former counsel requested a continuance for that very purpose.

5

Notwithstanding the BIA's description of events, the transcript of the hearing reflects that the IJ interrupted Irorere's presentation mid-sentence, after only a few words, and did not allow any further argument or evidence. Instead, the IJ indicated that he had already reached his decision in the case, advised Irorere to appeal to the BIA if he so wished, and proceeded to issue the oral decision. (Oct. 3, 2006 Tr. at 6-8.) We reject the BIA's conclusion that Irorere was not prevented from presenting evidence at the hearing. We note that on appeal to the BIA, Irorere preserved this issue and proffered details concerning a showing of extenuating circumstances. The BIA characterized Irorere's allegations as "a litany of events" to make a showing under INA § 216(d)(2)(B), see BIA Decision at 2, but the BIA refused to consider those assertions in the first instance because none of the arguments were raised before the IJ. However, it appears from Irorere's position that he did not present those arguments to the IJ because the IJ denied him the opportunity to do so.[4]

We will grant the petitions for review and remand to the agency for further proceedings consistent with this opinion. The government's motion to dismiss is denied.

---

[4] Irorere argues in his response to the government's motion to dismiss that the BIA erred in failing to grant a continuance for him to apply for a hardship waiver under INA § 216(c)(4) because he is prima facie eligible to adjust his status. The BIA did not address the issue. However, although this issue is noted in his petition for review, Irorere did not raise this argument in his brief, so we deem the argument waived. See United States v. Quillen, 335 F.3d 219, 224 (3d Cir. 2003).